## TOMPKINS *vs.* TYSEN.

The defendant applied to the plaintiff, a broker, to obtain for him $1000 on the defendant's land at S., at 7 per cent, payable half yearly. The plaintiff accordingly advanced to the defendant two sums, one of $200 in May, 1849, and the other of $300 on the 2d of June, 1849, and took from the defendant a bond and mortgage dated June 1, 1849, conditioned to pay the plaintiff $1000 in three years from the date, with interest; the plaintiff at the same time giving the defendant a receipt certifying that he held a mortgage of the defendant for $1000, on which he had advanced $500, and which he agreed to assign or satisfy, on the payment of the $500 with interest. *Held* that the plaintiff, when he lent the two sums of $200 and $300 did not lend them as mortgagee, and with the intention of waiting for payment until the mortgage should become due; nor with the intention of lending the rest of the $1000; but that he lent them as a broker frequently does, as a temporary advance to the borrower, until it could be ascertained whether the loan of $1000 could be " obtained," or not; and that the loan was payable on demand, and might be sued for before the mortgage became due.

APPEAL by the defendant from a judgment rendered against him, upon the verdict of a jury. The plaintiff alleged in his complaint, that he lent and advanced to the defendant, on the 29th day of May, 1849, the sum of $200, and on the 2d day of June, 1849, the further sum of $300 ; that the defendant promised to pay the same with interest on the 1st day of July, 1849, and that he had not paid the same, and the plaintiff claimed judgment for the sum of $500 with interest. The defendant by his answer admitted that the plaintiff lent him the sum of money mentioned in the complaint ; but stated that the defendant about the 1st day of June, 1849, executed under his hand and seal a bond, together with a mortgage on certain real estate of the defendant, in the county of Richmond, conditioned to pay the plaintiff the sum of one thousand dollars in three years from the date thereof, with interest. That the defendant, on or about the 2d day of June, 1849, delivered said bond and mortgage to the plaintiff. That the said sum of $500, mentioned in the complaint, was part of the sum of $1000, mentioned in said bond and mortgage, and that said mortgage has not been in any way canceled or discharged ; and the de-

fendant denied that he promised to pay said $500 on the 1st of July, 1849. The plaintiff, by his reply, alleged that he was employed by the defendant, as broker, to procure a loan of one thousand dollars for the defendant, upon the premises described in said mortgage, which loan he was not able to effect. That the defendant executed and delivered to him said bond and mortgage, mentioned in the answer, as collateral security for the payment of said sums of money mentioned in the complaint, and with the agreement that the plaintiff would, upon being paid said sums so lent and advanced, assign said bond and mortgage to any person with whom a loan of $1000 could be effected, and denied that the said sum of $500 mentioned in the complaint, was part of the $1000 mentioned in said bond and mortgage.

The cause was twice tried. The second trial was at the New-York circuit in November, 1851, before Justice Edmonds.

The plaintiff's counsel having proved that the interest on the plaintiff's demand amounted to $92, 84, rested his case. The defendant's counsel then moved for a nonsuit, on the ground that the plaintiff had not proved the allegation in the complaint that the moneys lent were promised to be returned on the 1st of July, 1849. The nonsuit was denied by the court, to which decision the defendant's counsel excepted. The defendant's counsel then read in evidence a certain receipt, signed by the plaintiff, (the execution of which by the plaintiff was admitted by his counsel,) in the words and figures following, to wit:

"New-York, June 2nd, 1849.

This is to certify, that I hold a mortgage against D. J. Tysen, for one thousand dollars, upon which I have advanced $500, and which I agree to assign or satisfy upon the payment of said $500, with interest.                    RAY TOMPKINS."

The defendant's counsel then read in evidence the mortgage mentioned in the receipt, and the bond collateral thereto.

The defendant's counsel next offered to prove, that since the commencement of this action, the plaintiff had been paid by the defendant the amount of the money lent, with interest, and had assigned said mortgage according to the terms of said receipt; the counsel stating that such payment was made.

without prejudice as to costs in the suit, and the evidence was only offered in order to show the original intention of the parties at the time of effecting the loan. This evidence was objected to by plaintiff's counsel, and the objection sustained by the court; to which decision the defendant's counsel excepted. The defendant's counsel next read in evidence a paper in the words and figures following, to wit:

"New-York,

Mr. RAY TOMPKINS,

Sir,—Please *obtain* on my *account one thousand dollars* on my property on Staten Island, at 7 per cent per annum, payable half yearly, as follows: 20 acres of ground in Richmond Co., on or near the Richmond road, and near the Black Horse tavern.      Yours, &c.      DAVID J. TYSEN."

Which it was admitted was the application of the defendant to the plaintiff for this loan. The defendant's counsel then rested his case, without any further or other evidence, and requested the court to submit the case to the jury. The court decided that there was no evidence in the case to *sustain a verdict for the defendant,* but that a proper construction of the receipt showed that the plaintiff had accepted the bond and mortgage only as collateral security for the claim sued for, and that he was therefore entitled to a verdict. The court accordingly directed a verdict for the plaintiff, and the jury, under such direction, rendered a verdict for the plaintiff for $592,84.

*J. Edgar*, for the appellant.

*H. S. Dodge*, for the respondent.

*By the Court*, MITCHELL J. The evidence showed that the plaintiff gave to the defendant a receipt, dated June 2, 1849, certifying that he held a mortgage of the defendant for $1000, on which he had advanced $500, and which he agreed to assign or satisfy on the payment of the $500 with interest. The mortgage was to the plaintiff, and payable May 29, 1852, three years from its date. It was dated and acknowledged May 29,

1849. It was also shown that the defendant sent a written request to the plaintiff, to obtain on the defendant's account $1000, on the mortgage. This request was the application of the defendant to obtain the loan. The pleadings showed that the plaintiff had advanced to the defendant two sums, one of $200 in May, 1849, and the other of $300 on the 2d of June, 1849; and he sued to recover those sums. The action was commenced in 1849; the plaintiff insisting that the loan was payable on the first of July, 1849, and the defendant claiming that it was not payable until the mortgage fell due.

The written application to the plaintiff showed that he was a broker, and was applied to as such, to effect for the defendant a loan of $1000. . According to the frequent course of business in such cases, where the property is in the country, and the loan is to be effected in the city, the mortgage was executed to the broker, for the whole amount to be raised by loan by him, before any thing was advanced, and although it was not intended that he should be the lender of the money, or the holder of the mortgage, but as the application showed, he was " to *obtain* on the defendant's account $1000 on the mortgage." When, therefore, the plaintiff lent the two sums of $200 and $300, he did not lend them as mortgagee, and with the intention of waiting until the mortgage should fall due; nor with the intention of lending the rest of the $1000, but he lent them as a broker, who is called upon to effect a loan, frequently does, as a temporary advance to the borrower until it could be ascertained whether the loan of $1000 could be "*obtained*" or not. If the application of the defendant to the plaintiff to obtain the loan had not been proved, the character in which the plaintiff was applied to, and the purposes for which he made the advance, might have been uncertain. As it was, all the evidence was consistent, and showed that the loan was a temporary one only. There was no contradictory evidence to justify the jury in finding for the defendant. The court was therefore right in directing a verdict for the plaintiff.

The receipt, also, of June 2, 1849, favors the plaintiff, as it shows that he was not to advance the whole face of the mortgage,

Tompkins v. Tysen.

but that he had done all that he was bound to do, in advancing the $500, and that he was to hold the mortgage only as collateral; as he agreed to assign or satisfy it (not when the mortgage would fall due, but at any time) on the payment of the $500 with interest.

The evidence offered by the defendant, that since the commencement of the action he had paid the plaintiff the $500 with interest, and that the plaintiff had assigned the mortgage, saving all questions of costs, was properly rejected. It was offered to show the original intention of the parties. It showed no more on that subject than the receipt of June 2, 1849, showed; for it was merely a compliance with that receipt, and the plaintiff, although he had commenced his action, was still bound to comply with the terms of that receipt. No inference could be drawn, therefore, from the assignment. It in fact helped to strengthen the plaintiff's case, by showing that the defendant admitted that the payment by him was to be before the mortgage fell due.

The complaint alleged that the money was to be repaid July 1, 1849; the answer insisted that it was not payable until May, 1852. The meritorious question was whether the loan was payable before suit brought. The evidence made it payable *on demand*. The variance between the evidence and the complaint did not affect the merits, and was properly disregarded.

The judgment should be affirmed with costs.

NEW-YORK GENERAL TERM, October 3, 1853. *Edmonds, Edwards, Mitchell, Roosevelt* and *Morris*, Justices.]